## 11509

### RHODUS v. DUKES

#### (122 S. E., 872)

1. EVIDENCE—STATEMENT AS TO GRADES OF COTTON INCOMPETENT, IN ABSENCE OF TESTIMONY OF PARTIES WHO PREPARED THEM.—Statements of weights and grades of cotton *held* incompetent, in absence of testimony of parties who prepared them.

2. EVIDENCE—EXPERT WITNESS MAY TESTIFY AS TO CUSTOM OF TRADE.—A witness who qualifies as an expert may testify as to the custom of trade.

3. APPEAL AND ERROR—ADMISSION OF TESTIMONY AS TO REPUTATION OF PERSONS MAKING UP STATEMENTS OFFERED IN EVIDENCE HELD HARMLESS.—Admission of testimony as to reputation of persons making up statements offered in evidence for honesty and fair dealings *held* harmless, where the statements were insufficient without authentication to go to the jury, and the Court so ruled.

Before W. S. NELSON, SPECIAL JUDGE, Sumter, Spring Term, 1923. Affirmed.

Action by E. B. Rhodus against C. E. Dukes. From a judgment for plaintiff for $26.93 plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Voluntary nonsuit:* 2 Brev., 32 (4 S. C. L.); 113 N. W., 1126; 82 S. C., 15; 87 S. C., 367; 80 S. C., 455; 105 S. C., 429. *Discretion of Judge:* 4 C. J., 798; 3 C. J., 471; 89 S. C., 52; 117 S. E., 807. *Set off or counterclaim:* 90 S. C., 489. *Evidence*

*in support of issue:* 113 S. E., 490; 115 S. E., 815. *Motion for new trial:* Code, 1922, Vol. 1, Sec. 646. *Notice of appeal:* 69 S. C., 283; 23 Cyc., 611.

*Mr. Shephard K. Nash,* for respondent, cites: *No evidence of shortage for the jury:* 89 S. E., 881; 114 S. C., 702; 102 S. E., 496; 1 R. C. L., 481. *Usage and customs enter contracts:* 89 S. E., 474. *No error to refuse voluntary nonsuit:* 61 S. E., 958; 72 S. E., 887.

May 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This case was begun by the service of summons and complaint on defendant on the 22d day of June, 1921, and was tried before his Honor, Wm. S. Nelson, Special Judge, and a jury, at the Spring Term of Common Pleas for Sumter County, April 4, 1923. A motion was made by defendant for a directed verdict 'upon all the issues raised by the complaint, except as to the allegation which concerns itself with the item of 136 bales listed as No. 12 of the account'; defendant agreeing that, if said motion was allowed, the counterclaim would be withdrawn. The motion was allowed. The plaintiff then moved for a nonsuit on the whole case, as the counterclaim was withdrawn, which motion was refused. The jury returned a verdict for the plaintiff for $26.93.

On the afternoon of Friday, April 6, 1923, the last day on which Judge Nelson presided, he heard motions for new trials. Mr. Jennings, attorney for plaintiff, who had noted a motion for a new trial in this case on the day before, asked that same be heard. Mr. Nash, the attorney for defendant, was not in Court, and was called by the Court crier, but did not respond. Mr. Jennings thereupon dictated his grounds of motion for new trial, which were taken down by the stenographer, and stated that he would not argue them in Mr. Nash's absence, and asked that counsel be allowed until

April 25th to file arguments; that he was sure this would be satisfactory to Mr. Nash, and he would see him at once, and advise him of what had been done. The Court stenographer furnished the Judge, several days thereafter, with the grounds of motion as dictated by Mr. Jennings in open Court, and on April 28, 1923, not having heard from attorneys on either side, the Judge considered the motion and signed an order refusing a new trial, which order was filed with the Clerk of Court on April 30, 1923. The plaintiff gave notice of intention to appeal to the Supreme Court on the same date that the order was filed, to wit, April 30, 1923. Counsel agrees that Mr. Jennings did not notify Mr. Nash that the grounds of motion had been stated in open Court and of the proposed agreement, until after the filing of the order refusing the motion for a new trial." The exceptions, seven in number, raise four issues as follows:

"Issue 1. Did the trial Judge err in holding that there was no evidence of shortage in weights and grades of the cotton, save the 136-bale shipment which plaintiff saw weighed and graded? (Exceptions 1, 2, 3 and 6.)

"Issue 2. Was it error to permit the witness A. B. Mims to testify as to the custom of the cotton trade? (Exception 4.)

"Issue 3. Was it error to permit the witness Mims to testify as to the reputation of Barrett & Co. for honesty and fair dealing? (Exception 5.)

"Issue 4. Was it error for the trial Judge to refuse motion of plaintiff for a voluntary nonsuit? (Exception 7.)"

As to issue 1: The statements were made up by Barrett & Co., who rendered them to Rhodus and Jeffords. Rhodus and Jeffords made statements from the statement made from Barrett & Co., and submitted them to the defendant. The statements were prepared by Jeffords for the plaintiff, and by a public accountant, neither of whom was present at the trial or offered as witnesses to testify. The statements were not sufficient in themselves,

and in the absence of testimony of the parties who prepared the statements to carry the case to the jury, and his Honor was not in error.   The defendant denied liability when the statements were presented to him, and the statements were without weight as far as the defendant was concerned, and had to be proved by competent testimony.

We see no error as complained of in permitting Mims to testify as to the custom of the trade.   He qualified as an expert and his testimony was admissible.   "The known usages [and customs] of a trade, business, or calling are presumed to enter into and form a part of contracts made with respect thereto."   *Burden v. Woodside Cotton Mills,* 104 S. C., 435; 89 S. E., 474.

In any view of the case it was harmless error in admitting the testimony as to the reputation of Barrett & Co.   His Honor refused the motion of the defendant for a directed verdict, and only submitted the question of 136 bales to them.   There was not sufficient evidence before the Court, competent and relevant, in relation to the 362 bales, to submit the question to the jury.

There was no error on the part of his Honor in refusing a voluntary nonsuit.   The remark of his Honor when refusing the same is a sufficient answer to that exception.   He exercised his discretion, as he had a right to do.   The whole case was before him.   He was familiar with it, and we see no erroneous exercise of his discretion.   He was satisfied that a discontinuance would work prejudice to the defendant, and entail the trouble and expense of another trial.

As to the motion to dismiss the appeal herein, we are of the opinion that there is no merit in the motion and it is refused.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICE FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.